**George T. Holler**
Holler Law Firm, LLC
31 Cherry Street, Suite 109
Milford, CT 06460
t:  (203) 301-4333
f:  (203) 306-3113
CT 27371
georgeh@hollerlawfirm.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**COURT FILE NO.:  3:11-cv-01481-WWE**

| | | |
|---|---|---|
| **Ella Mae Romsky** | ) | <u>**FIRST AMENDED COMPLAINT**</u> |
| | ) | |
| **Plaintiff.** | ) | <u>**JURY TRIAL DEMANDED**</u> |
| _____ | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **United Recovery Systems, LP.** | ) | |
| **Chase Bank, U.S.A., N.A.** | ) | |
| **Frederick J. Hanna & Associates, P.C.** | ) | |
| **John Doe** | ) | |
| **Natalie Boone, a/k/a Jane Doe** | ) | |
| **Ms. Leatherwood, a/k/a Sally Doe** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**JURISDICTION**</u>

1.  Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. §
    1331 and pursuant to 15 U.S.C. §1692k(d) and pursuant to 28 U.S.C. § 1367
    for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices
    Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), violations of the Connecticut Unfair
    Trade Practices Act, C.G.S. §42-110 *et seq.,* violations of the Creditors

Collection Practices Act, C.G.S. §36a-645 *et seq*., and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from the Plaintiff.

3.   Venue lies in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## **PARTIES**

4.   Plaintiff, Ella Mae Romsky (Plaintiff) is a resident of the full age of majority, domiciled in the Town of Stratford, County of Fairfield, and State of Connecticut and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), a "consumer debtor" as that term is defined by C.G.S. §36a-645(1), and a "person who suffer[ed] any ascertainable loss" under C.G.S. §42-110g.

5.   The defendant in this case, United Recovery Systems, L.P. (hereinafter "Defendant" or "URS"), is a limited partnership formed in the State of Texas, having a principal place of business at 5800 North Course Drive, Houston, Texas 77072, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6); a "Consumer collection agency" as that term is defined by C.G.S. §36a-800(1), and a "person" engaged in "trade" or "commerce" all as those terms are defined by C.G.S. §42-100a.

6.   The defendant in this case, Chase Bank U.S.A., N.A. (hereinafter "Defendant" or "Chase"), is a corporation organized under the laws of the State of Delaware, having a principal place of business at 200 White Clay Center Drive, Newark, Delaware 19711, and is a "creditor" as that term is defined by C.G.S. §36a-

645(2), and a "person" engaged in "trade" or "commerce" all as those terms are defined by C.G.S. §42-100a.

7.   The defendant in this case, Frederick J. Hanna & Associates, P.C. (hereinafter "Defendant" or "FJH"), is a professional corporation organized under the laws of Georgia, having a principal place of business at 1427 Roswell Road, Marietta, Georgia 30062, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6); a "Consumer collection agency" as that term is defined by C.G.S. §36a-800(1), and a "person" engaged in "trade" or "commerce" all as those terms are defined by C.G.S. §42-100a.

8.   The defendant in this case, John Doe (hereinafter "Defendant" or "John Doe"), is a natural person of unknown name and address, who on information and belief was, at all times complained of in this complaint, employed by the Defendant URS.

9.   The defendant in this case, Natalie Boone, a/k/a Jane Doe (hereinafter "Defendant" or "Jane Doe" or "Ms. Boone"), is a natural person of unknown name and address, who on information and belief was, at all times complained of in this complaint, employed by the Defendant URS.

10. The defendant in this case, Ms. Leatherwood, a/k/a Sally Doe (hereinafter "Defendant" or "Sally Doe" or "Ms. Leatherwood"), is a natural person of unknown name and address, who on information and belief was, at all times complained of in this complaint, employed by the Defendant FJH.

**FACTUAL ALLEGATIONS**

3

11. In or around August of 2008, the Defendant Chase offered and the Plaintiff
accepted a revolving line of credit whereby Chase would make available to
the Plaintiff up to $6,500.00 in credit accessible through a credit card.

12. On information and belief, the Defendant Chase made this offer in the ordinary
course of its business.

13. Over the course of the next year, the Plaintiff used the credit card to purchase
consumer goods like food, clothing, gifts for family members and other
miscellaneous household items.  At no point did the Plaintiff own or operate a
business, nor did the Plaintiff ever use the credit card for business purposes.

14. In using the credit card, the Plaintiff agreed to be obligated to the Defendant
Chase to repay the amounts borrowed plus interest as described in the
revolving line of credit agreement (such sum hereinafter referred to as "the
Debt" or "Debt").

15. On information and belief, at all times relevant to the matters herein described,
the Defendant Chase was the person to whom the Plaintiff owed the Debt.

16. On April 6, 2011, the Plaintiff sought the advice of an attorney licensed to
practice law in the state of Connecticut, and retained that attorney the same
day to represent her in connection with a bankruptcy she intended to file.

17. During this meeting the Plaintiff complained to her attorney that she was being
harassed by her creditors and their debt collectors by regular phone calls.

18. Her attorney told her that, under the law, once the creditors and debt collectors
had notice that she was represented by an attorney, they must cease and desist
from contacting her regarding her debts, and may only contact her attorney.

19. Her attorney informed her that his firm would provide written notice to her creditors and debt collectors that he represented her.  He also told her that in order to be bound by this law, the creditors and collectors must be told the attorney's name, address and phone number.

20. The Plaintiff told her attorney that her medical condition caused her to have difficulty remembering things, and, therefore, her attorney gave her approximately 20 pieces of paper each entitled "Call Log" which would help her remember what to tell her creditors or collectors when they called and help her remember what they said to her during these calls.  These pieces or paper were given to the Plaintiff unconditionally, and upon receipt became the property of the Plaintiff.

21. On or about April 13, 2011, at approximately 3:56 pm the Plaintiff was in her home.  Typically she would take regularly prescribed medication at 4:00 pm then lay down for a nap.

22. The Defendant URS called the Plaintiff, and the caller identified herself as Linda Waiton.  During this call, Ms. Waiton told the Plaintiff that URS was calling on behalf of the Defendant Chase, and she offered to settle the Plaintiff's debt with Chase for the sum of $1,900.00.  The Plaintiff rejected the offer.

23. Approximately 4 minutes later, the Defendant URS again called the Plaintiff, and this time the caller identified herself as Natalie Boone.  At this point, the Plaintiff was slightly disoriented as she still needed to take her medication. After confirming she was speaking with Ella Mae Romsky, Ms. Boone asked

the Plaintiff if she were still receiving mail at 557 Capital Avenue, but the Plaintiff, instead of answering, hung up the phone.

24. She immediately realized that she had forgot to inform URS that she was represented by an attorney, so she called the number on her caller ID right back, and asked for Natalie.

25. When Natalie answered, and the Plaintiff recognized her voice as the same person who had just called, the Plaintiff stated to Ms. Boone that she needed to tell her something.  At that point she began reading the information at the top of the "Call Log" she received from her attorney:  "I am represented by an attorney.  His name is George Holler, 31 Cherry Street, Milford, Connecticut 06460.  His phone is 203-301-4333.  Did you know that?"

26. During the Plaintiff's attempt to read this statement to the Defendant URS, Ms.Boone began to talk over the Plaintiff, loudly saying that unless the Plaintiff provided her with the last four digits of the Plaintiff's social security number, Ms. Boone would not accept this information.

27. After she was done reading the statement, the Plaintiff indicated to Ms. Boone that she would not provide that private information.  The Plaintiff told Ms. Boone that she was Ella Mae Romsky and that Ms. Boone had just spoken with her less than 2 minutes ago.

28. Ms. Boone said "I don't even know who you are" in a very snide manner, and indicated that she would not accept the Plaintiff's notice of representation without the last four digits of the Plaintiff's social security number.  Ms. Romsky said "Please listen I need to say something to you," but Ms. Boone

6

interrupted her saying "Wait a minute.  If you won't give me the last four of your social, I can't even hear this because I don't know who I'm talking to." The Plaintiff, being disoriented from not taking her medication, knew enough to protect her private information and again refused.  At that point, after having read the notice to the Defendant, the Plaintiff hung up the phone.

29.   On or about April 15, 2011, Joanne Santiago, paralegal at the Holler Law Firm, LLC, as part of her regular responsibilities, called the Defendant Chase and asked a representative for their facsimile telephone number.

30. On or about April 15, 2011, Joanne Santiago faxed a "Notice of Representation" to the Defendant Chase, which notice informed Chase that Attorney George T. Holler represented the Plaintiff and provided Attorney Holler's address and telephone number.  The Notice also directed Chase to cease and desist from all communication with the Plaintiff.  Ms. Santiago confirmed that this fax was successfully transmitted to the Defendant Chase.

31. Pursuant to statutory authorization provided by C.G.S. §36a-647(1), the Connecticut Commissioner of Banking promulgated regulations necessary to carry out the provisions of C.G.S. §§36a-645 to 647, and has defined the conduct which is deemed to violate C.G.S. §36a-646.

32. Pursuant to  §36a-647-4(a)(2), of the Regulations of Connecticut State Agencies, a creditor shall not communicate with a consumer debtor in connection with a debt if the creditor knows the consumer debtor is represented by an attorney in connection with the debt and knows the attorney's name and address.

33. Pursuant to §36a-647-2(2), of the Regulations of Connecticut State Agencies, "communication" means any communication directly or indirectly to any person through any medium.

34. When a creditor communicates with a consumer debtor knowing that debtor has retained an attorney to represent her with respect to the debt, the creditor engages in abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of C.G.S. §36a-646.

35. Despite receiving the "Notice of Representation" sent by Ms. Santiago, and despite the fact that its agent, URS had received oral notification from the Plaintiff on April 13, 2011, the Defendant Chase caused the Defendant URS to communicate with the Plaintiff by telephone on April 19, 2011.

36. On or about April 19, 2011 at approximately 2:14 pm, the Defendant John Doe telephoned the Plaintiff acting as a representative of URS on behalf of Chase. As soon as she answered the phone, the Plaintiff began reading the notice on the "Call Log": "I am represented by an attorney. His name is George Holler, 31 Cherry Street, Milford, Connecticut 06460. His phone is 203-301-4333. Did you know that?"

37. In response, the Defendant John Doe, said "Yes". He next stated "How much can I expect from you this month?" in a threatening, angry and abusive tone of voice. She told him that she could not afford to pay much of anything because she was living in senior housing and collecting disability insurance as her only income. She offered to pay all she could afford, which was five dollars per

month.  At this offer, he laughed at her, mocking her.  She told him she was sorry that it turned out this way.  She was feeling very guilty that she could not pay back the debt.

38. Defendant Doe was loud and aggressive during this call.  He would talk right over her like she wasn't saying anything at all.  After he rejected her offer she began to say repeatedly that she was filing for bankruptcy and that he should speak to her lawyer.  At this he continued to talk over her, demanding payment.  He was very disrespectful to the Plaintiff.

39. Finally, when she told him one last time that she was filing for bankruptcy, he stated emphatically that "You cannot owe someone $6,000.00 and not pay it."  At this, the Plaintiff was so distraught she hung up the phone.

40. As soon as she hung up, she reached for her nebulizer.  She was having heart palpitations.  She was dizzy and began to have an anxiety attack which lasted for approximately fifteen minutes.  She needed to get ice and put it on her chest.

41. On May 31, 2011, the Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the District of Connecticut, case number 11-51090.

42. In her bankruptcy, the Plaintiff listed potential consumer rights claims against the Defendants URS, Chase and FJH.  The trustee abandoned these assets from the bankruptcy estate, and the Plaintiff received her discharge on September 1, 2011.

43. On June 1, 2011, despite receiving the "Notice of Representation" sent by Ms. Santiago, and despite the fact that its agent, URS had received oral notification from the Plaintiff on April 13, 2011, the Defendant Chase caused the Defendant FJH to communicate with the Plaintiff by telephone.

44. On information and belief, URS informed Chase that it was ceasing collections after the April 19, 2011 call.

45. On information and belief, Chase referred the Plaintiff's matter to FJH after it knew that the Plaintiff was represented by counsel.

46. On information and belief, when Chase made the referral to FJH it informed FJH that the Plaintiff was represented by counsel.

47. When the Plaintiff answered FJH's call on June 1, 2011, she immediately read the Defendant FJH the "Call Log":  "I am represented by an attorney.  His name is George Holler, 31 Cherry Street, Milford, Connecticut 06460.  His phone is 203-301-4333.  Did you know that?"

48. In response, the representative from the Defendant FJH, a Ms. Leatherwood, told the Plaintiff that she could not provide any information unless the Plaintiff provided her with the last four digits of her social security number.  The Plaintiff refused to provide this information.  She told Ms. Leatherwood not to call her anymore and instructed her to call the Plaintiff's attorney instead.

49. Again, in response, the Defendant refused to accept the information.  The Plaintiff felt as if the Defendant FJH would not take no for an answer.  She again had heart palpitations and anxiety.

50. Sometime after this call on June 1, 2011, another representative of FJH called the Plaintiff and left a message indicating that she was a debt collector attempting to collect a debt.

51. Since the Plaintiff told Ms. Leatherwood that she was represented by an attorney and provided the attorney's name, address and telephone number, FJH had actual knowledge that Ms. Romsky was represented at the time it placed this second call.

52. After the phone calls described herein on April 13, 2011, April 19, 2011 and June 1, 2011, the Plaintiff used one of her call logs to document what happened, causing her a loss of property, as that call log was no longer available to use for future debt collection calls.

53. The refusal by Ms. Boone to accept the Plaintiff's oral notice of representation without the disclosure of her social security number on April 13, 2011, constituted a false and misleading representation in connection with an attempt to collect a debt in violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692e, and 1692f, and constituted an unfair trade practice in violation of the C.G.S. §42-100g.

54. The communication with the Plaintiff by John Doe on April 19, 2011 after knowing that the Plaintiff was represented by an attorney constituted a prohibited communication under 15 U.S.C. §§ 1692c(a)(2), violating the FDCPA and C.G.S. §42-100g.

55. The failure by the Defendant Chase to prevent its agent, Defendant URS, from communicating with the Plaintiff on April 19, 2011, constituted an abusive,

harassing, fraudulent, deceptive or misleading representation, device or
practice to collect or attempt to collect a debt in violation of C.G.S. §36a-646,
and constituted an unfair trade practice in violation of C.G.S. §42-100g.

56. The aggressive, angry, abusive and disrespectful tone of voice and words
employed by Defendant John Doe constituted conduct the natural
consequence of which was to harass, oppress and abuse the Plaintiff, all in
connection with an attempt to collect a debt in violation of the FDCPA,
including but not limited to 15 U.S.C. §§ 1692d, and constituted an unfair
trade practice in violation of the C.G.S. §42-100g.

57. After the Plaintiff told the Defendant John Doe that she intended to file for
bankruptcy, the statement that "You cannot owe someone $6,000.00 and not
pay." constituted a false and misleading representation in connection with an
attempt to collect a debt in violation of the FDCPA, including but not limited
to 15 U.S.C. §§1692e, and 1692f, and in violation of the C.G.S. §42-100g.

58. The communication with the Plaintiff by the Defendant FJH on June 1, 2011 after
knowing that the Plaintiff was represented by an attorney constituted a
prohibited communication under 15 U.S.C. §§1692c(a)(2), violating the
FDCPA and C.G.S. §42-100g.

59. The second call to the Plaintiff by the Defendant FJH after being told by the
Plaintiff that she was represented during the June 1, 2011 call, constituted a
prohibited communication under 15 U.S.C. §§1692c(a)(2), violating the
FDCPA and C.G.S. §42-100g.

60. The failure by the Defendant Chase to prevent its agent, Defendant FJH, from communicating with the Plaintiff on June 1, 2011, constituted an abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of C.G.S. §36a-646, and constituted an unfair trade practice in violation of C.G.S. §42-100g.

61. These violations of public policy as enunciated in 15 U.S.C. §§1692c(a)(2), 1692e, and 1692f, and C.G.S. §§36a-646 and 36a-808, constituted conduct prohibited by the Connecticut Unfair Trade Practices Act, C.G.S. §42-110 *et seq*.

62. The communications described herein constituted an invasion of the Plaintiff's privacy by intrusion upon seclusion.

## **TRIAL BY JURY**

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend 7. Fed R. Civ. Pro. 38.

*Respondeat Superior Liability*

64. The acts and omissions of the individual collectors who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendants Chase, URS and FJH.

65. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants Chase, URS and FJH in collecting consumer debts.

66. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendants Chase, URS and FJH.

67. Defendants Chase, URS and FJH are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Connecticut law, in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

68. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

69. As a result of the defendants' actions, the defendants are liable to the plaintiff for damages, attorney's fees and costs.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 *et seq.*

70. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

71. The foregoing acts and omissions of Defendants URS and FJH and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

72. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants URS and FJH.

## COUNT II

## VIOLATIONS OF THE CREDITOR'S COLLECTION PRACTICES ACT

## C.G.S. §36a-645 *et seq*.

73. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

74. Defendant Chase was a creditor owed a debt from the Plaintiff, a natural person residing in the State of Connecticut, all as defined by C.G.S. §36a-645.

75. Defendant Chase's actions outlined above, violate C.G.S. §36a-646.

76. As a result of Defendant Chase's violations of the CCPA, Plaintiff is entitled to actual damages; statutory damages in an amount up to $1,000.00; and, reasonable attorney's fees and costs all pursuant to C.G.S. §36a-646, from Defendant Chase.

## COUNT III.

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

## C.G.S. §42-110 *et seq*.

77. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

78. Defendants have acted, as alleged herein, in the conduct of trade or commerce as defined in C.G.S. §42-110a(4).

79. Defendants' actions and practices, as outlined above, violate 15 U.S.C. §1692 *et seq*., C.G.S. §36a-808, C.G.S. §36a-645 *et seq*, and the regulations promulgated thereunder.

80. As a direct and proximate result of Defendants' violations of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110b(a), Plaintiff have suffered ascertainable losses under C.G.S. §42-110g(a) in an amount to be proved at trial.

81. Defendants are also liable, pursuant to C.G.S. §42-110g(a), for punitive damages.

82. Furthermore, Defendants are liable, pursuant to C.G.S. §42-110g(d), for costs and reasonable attorneys' fees.

83. In compliance with C.G.S. §42-110g(c), a copy of this Complaint has been mailed to the Attorney General of the State of Connecticut and the Commissioner of the Connecticut Department of Consumer Protection.

**COUNT IV**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

84. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

85. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

16

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

86. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

87. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

88. Defendants and their agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's right to privacy.

89. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

90. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

91. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants URS and HFJ, John Doe, Jane Doe and Sally Doe and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants URS and HFJ, John Doe, Jane Doe and Sally Doe and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants URS and HFJ, John Doe, Jane Doe and Sally Doe and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT II

## VIOLATIONS OF THE CREDITOR'S COLLECTION PRACTICES ACT

## C.G.S. §36a-645 et seq.

- for an award of actual damages pursuant to C.G.S. §36a-646 against Defendant Chase and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to C.G.S. §36a-646 against Defendant Chase and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to C.G.S. §36a-646 against Defendant Chase and for Plaintiff;

- for such other and further relief as may be just and proper.

## COUNT III.

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

## C.G.S. §42-110 et seq.

- for an award of actual damages pursuant to C.G.S. §42-110g(a) against all Defendants and for Plaintiff;

- for an award of punitive damages pursuant to C.G.S. §110g(a) against all Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to C.G.S. §110g(d) against all Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages against Defendants and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated this the 18th day of November, 2011.

Respectfully Submitted— Ella Mae Romsky


                                    BY:  /s/ George T. Holler
                                    George T. Holler
                                    Her attorney
                                    31 Cherry Street, Suite 109
                                    Milford, Connecticut 06460
                                    Tel: (203) 301-4333
                                    Fax: (203) 306-3113
                                    CT 27371
                                    georgeh@hollerlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CONNECTICUT          )
                              ) ss:  MILFORD
COUNTY OF NEW HAVEN           )

Plaintiff, Ella Mae Romsky, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorney which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorney where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Ella Mae Romsky_
Ella Mae Romsky

Subscribed and sworn to before me, George T. Holler, this 18th day of November, 2011.

George T. Holler
Commissioner of the Superior Court